FIRST DIVISION
 April 14, 1997










1-95-1981

DARRELL P. COLLINS, ) Appeal from the 
 ) Circuit Court
 Plaintiff-Appellant, ) of Cook County. 
 )
 v. ) 
JEAN C. SULLIVAN, as )
Adm'r of the Estate of )
Martin R. Sullivan, M.D., )
Deceased, and RECONSTRUCTIVE )
SURGERY, LTD., ) Honorable 
 ) STUART A. NUDELMAN,
 Defendants-Appellees. ) Judge Presiding.


 JUSTICE BUCKLEY delivered the opinion of the court:

 Plaintiff, Darrell Collins, brought a medical negligence
action against Martin R. Sullivan, M.D., and Reconstructive
Surgery, Ltd. The complaint alleged that as a result of Dr.
Sullivan's negligent treatment, plaintiff endured pain,
suffering, disability, substantial disfigurement, dysfunctional
sexuality, severe emotional distress, as well as monetary
damages. 
 Defendants moved for summary judgment on the ground that
plaintiff's action was time barred by the four-year statute of
repose contained in section 13-212 of the Illinois Code of Civil
Procedure (735 ILCS 5/13-212 (West 1994)). The trial court
granted partial summary judgment, finding that plaintiff's claims
arising out of Dr. Sullivan's negligence prior to 1988 were
barred. Plaintiff appeals, raising the following issue: whether
the trial court erred in granting summary judgment in favor of
defendants and against plaintiff.
 On February 13, 1965, plaintiff began to see Dr. Sullivan
for the medical and surgical treatment for the conditions of
phypopsadias (a developmental anomaly in which the male urethra
opens on the underside of the penis) and chordee (curvature of
the penis). Plaintiff remained in Dr. Sullivan's care until
December 11, 1991. During that time, Dr. Sullivan performed the
following surgeries on plaintiff:
7/7/66 Age 4 Excision of chordee
7/13/67 Age 5 Urethroplasty with construction of
 urethra
6/21/68 Age 6 Perineal Urethrostomy and
 Urethroplasty 
4/1/68 Age 7 Urethroplasty (secondary)
11/6/70 Age 8 Repair of urethral fistula
8/31/71 Age 9 Repair of urethral fistula
7/27/72 Age 10 Urethrostomy (third stage)
4/11/74 Age 12 Closure of fistula
9/6/74 Age 12 Circumcision
3/23/78 Age 16 Repair tip hypospadias
2/21/80 Age 18 Repair fistula
7/6/91 Age 29 Closure of three fistulous tracts
 of penis and excision of redundant
 tissue at penoscrotal margin 
 On August 12, 1992, plaintiff filed a complaint against Dr.
Sullivan and Reconstructive Surgery, Ltd., an Illinois
professional corporation, for rendering negligent care and
treatment to plaintiff while he was under Dr. Sullivan's care. 
An amended complaint was subsequently filed substituting Jean C.
Sullivan, as administrator of the estate of Martin R. Sullivan,
M.D.
 Defendants filed a motion to strike the first-amended
complaint, arguing that plaintiff's claim was barred by the
statute of repose (735 ILCS 5/13-212 (West 1994)). The relevant
portion of section 13-212 provides that "no action for damages
for injury or death against any physician *** shall *** be
brought more than 4 years after the date on which occurred the
act or omission or occurrence alleged in such action to have been
the cause of such injury or death." 735 ILCS 5/13-212(a) (West
1994). On November 16, 1994, the trial court denied defendants'
motion without prejudice.
 On December 2, 1994, defendants filed a motion to reconsider
and motion for summary judgment in the alternative pursuant to
section 2-1005 of the Illinois Code of Civil Procedure (735 ILCS
5/2-1005 (West 1994)).
 On April 10, 1995, the trial court granted defendants'
motion for summary judgment without prejudice as to plaintiff's
claims arising before 1988.
 Plaintiff filed a motion to reconsider the ruling on motion
for summary judgment and a motion pursuant to Supreme Court Rule
304(a) (134 Ill. 2d R. 304(a)). On May 10, 1995, the trial court
denied plaintiff's motion to reconsider and granted plaintiff's
motion pursuant to Supreme Court Rule 304(a), finding that there
was no just reason to delay enforcement or appeal of the order of
April 10, 1995, granting summary judgment in favor of defendants. 
Plaintiff filed timely notice of appeal on June 2, 1995.
 We are asked to consider whether the trial court erred in
granting summary judgment in favor of defendants and against
plaintiff. In doing so, we must determine whether plaintiff has
established an ongoing course of continuous negligent medical
treatment by Dr. Sullivan. In Cunningham v. Huffman, 154 Ill. 2d
398, 609 N.E.2d 321 (1993), the Illinois Supreme Court held that
a plaintiff is not barred by the statute of repose if he can
demonstrate that there was an ongoing course of continuous
negligent medical treatment. Cunningham, 154 Ill. 2d at 406, 609
N.E.2d at 325 (1993). "To prevail under this cause of action a
plaintiff must demonstrate: (1) that there was a continuous and
unbroken course of negligent treatment, and (2) that the
treatment was so related as to constitute one continuing wrong." 
(Emphasis omitted.) Cunningham, 154 Ill. 2d at 406, 609 N.E.2d
at 325. Once a physician's treatment is discontinued, however,
the statute of repose begins to run. Cunningham, 154 Ill. 2d at
406, 609 N.E.2d at 325. 
 Plaintiff insists that there was a continuous course of
negligent treatment for plaintiff's condition since the "act or
omission" of Dr. Sullivan was the failure to surgically correct
and properly treat plaintiff's condition. Plaintiff claims that
his injury was the cumulative result of the continuous negligence
of Dr. Sullivan in performing 12 surgeries on plaintiff's penis
over the course of 24 years. Plaintiff never saw Dr. Sullivan
for any other condition nor did plaintiff obtain treatment or
advice from any other physician for his condition. The last
surgery was performed on July 6, 1991; thus, plaintiff claims
that the statute of repose did not start to run until July 1991,
the last date of Dr. Sullivan's negligent treatment. 
 We are unconvinced that Dr. Sullivan's treatment was
continuous where almost nine years passed between plaintiff's
1982 and 1991 treatments. We find that the treatment rendered by
Dr. Sullivan in 1991 must be considered subsequent to, rather
than part of, any earlier continuous and unbroken course of
treatment. To accept plaintiff's argument would nullify the
purpose of section 13-212 and conflict with the legislature's
goal of producing finality to the exposure of medical providers
to suit. We reject plaintiff's position that the 1991 services
of Dr. Sullivan revived a cause of action that was effectively
barred by the statute of repose in 1986, four years after the
1982 treatment.
 For the foregoing reasons, we affirm the judgment of the
circuit court of Cook County granting summary judgment in
defendants' favor.
 Affirmed.
 CAMPBELL, P.J. and O'BRIEN, J., concur.